IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**JOSEPH A. PINCKARD**,

Plaintiff,

v.

**LISA LAUGHLAND-PINCKARD**,

Defendant.

Case No. 1:12-cv-00848-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge:

In April 2012, Plaintiff Joseph A. Pinckard filed a complaint in the Circuit Court of the State of Oregon for the County of Josephine alleging elder financial abuse under Or.Rev.Stat. (ORS) § 124.100, seeking economic and non-economic damages and fees. (Compl. ¶ 1, ECF # 1.) Defendant Lisa Laughland-Pinckard removed the case to the United States District Court for the District of Oregon, Medford Division. Id. This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Before the Court is a motion to dismiss for lack of personal jurisdiction filed by defendant (ECF # 3). Plaintiff has filed a response (ECF # 6). For the reasons that follow, the motion should be denied.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff alleges in his complaint that he is a 78-year-old resident of Josephine County, Oregon that has been subjected to elderly financial abuse at the hands of his wife, the defendant, who alleges residency in Travis County, Texas. Plaintiff bases his elderly abuse claim on allegations that defendant wrongly withdrew sums of money from the couple's joint checking account on September 13 and October 4 of 2011, and has since refused to return most of those sums to plaintiff. Separate but not completely unrelated to this case, plaintiff and defendant are currently involved in a divorce proceeding in Travis County, Texas, which was initiated by defendant on April 9, 2012 and answered and counter-petitioned by plaintiff on May 1, 2012. Defendant now moves for dismissal of this case, claiming that this Court lacks personal jurisdiction over her. Plaintiff contends that the Court has specific personal jurisdiction under Oregon law as circumscribed by the Due Process Clause of the Fourteenth Amendment.

## DISCUSSION

### A. Legal Standards

A motion to dismiss for lack of personal jurisdiction is governed by Federal Civil Procedure Rule 12(b)(2). "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the jurisdiction is proper." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008) (internal citation omitted). A court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues in order to evaluate defendant's motion. See Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001). If a court decides the motion based on the pleadings and affidavits submitted by the parties without conducting an evidentiary hearing, the plaintiff need make only

REPORT AND RECOMMENDATION - 2

a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Id. (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)). Absent an evidentiary hearing, a court will accept uncontroverted allegations presented in plaintiff's complaint as true, and will resolve conflicting statements in the parties' affidavits in plaintiff's favor. See id. Should plaintiff make the proper showing, the burden of proof shifts to the defendant to make a "compelling case" that exercising jurisdiction over the defendant would be unreasonable. Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986) (applying reasonableness prong to specific personal jurisdiction); Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1175 (9th Cir. 2006) (applying reasonableness prong to general personal jurisdiction).

Federal courts may exercise personal jurisdiction over a non-resident defendant where the state's long arm statute confers jurisdiction over the defendant and the exercise of jurisdiction does not violate due process. Myers v. Bennett Law Offices, 238 F.3d 1068, 1072 (9th Cir. 2001) (citation omitted). As Oregon law confers jurisdiction over an out-of-state defendant which is coextensive with due process under the U.S. Constitution (Or. R. Civ. P. 4 L), the court need only analyze whether the exercise of jurisdiction comports with due process. Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 at n.1 (9th Cir. 1990) (citation omitted). Due process requires that the non-resident defendant has sufficient minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction comes in two flavors. First, if a non-resident defendant's activities in the state amounts to "substantial" or "continuous and systematic" contact, a court may assert

general personal jurisdiction even if the cause of action is unrelated to those activities. Haisten, 784 F.2d at 1396 (quoting Data Disc, 557 F.2d at 1287). Second, when a defendant's contacts are not so pervasive as to allow the exercise of general jurisdiction, a court may still assert specific personal jurisdiction if the following three requirements are met:

> 1. The non-resident defendant must have purposefully availed itself of the privileges of conducting activities in the forum by some affirmative act or conduct, thereby invoking the benefits and protections of its laws.
> 2. The claim must be one which arises out of or results from the defendant's forum-related activities.
> 3. Exercise of jurisdiction must be reasonable.

Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986); Haisten, 784 F.2d at 1397; Data Disc, 557 F.2d at 1287.

"Purposeful availment" has been interpreted to include purposeful direction of activities at a particular forum. Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006). Nonetheless, the Ninth Circuit has explained that purposeful availment and purposeful direction are not interchangeable terms; "although we use the phrase 'purposeful availment' to include both purposeful availment and direction, 'availment and direction are, in fact, two distinct concepts.'" Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)). In cases that sound in tort, such as the financial elder abuse case here, the typical approach to determining purposeful direction is the Calder "effects" test, which focuses on whether the defendant's intentional actions, expressly aimed at the forum state, actually caused the harm which was suffered and which defendant knew was likely to be suffered in the forum state, regardless of where the actions occurred. See id. at 1156; see also, Calder v. Jones, 465

REPORT AND RECOMMENDATION - 4

U.S. 783, 791 (1984). Further, it has been noted that "referring to the Calder test as an "effects" test can be misleading . . . 'something more' is needed in addition to a mere foreseeable effect . . . that 'something more' is what the Supreme Court described as 'express aiming' at the forum state. Pebble Beach, 453 F.3d at 1156 (quoting Bancroft & Masters, Inc. v. August Nat'l Inc., 223 F.3d 1082, 1087 (9th Cir. 2000)). Even when purposeful direction is found, however, the remaining two factors must also be established in order for a court to assert specific jurisdiction.

### B. Specific Personal Jurisdiction

In the present motion, plaintiff has limited his argument to alleging specific personal jurisdiction. Accepting the uncontroverted facts submitted by plaintiff as true, the Court assumes without finding that defendant withdrew $194,000 from a bank account jointly owned by plaintiff and herself. The withdrawals of the funds occurred in Travis County, Texas, at which time plaintiff was residing in Josephine County, Oregon. Plaintiff argues that because defendant withdrew the funds from the joint account in Texas in order to cause him harm in Oregon, and such harm did occur, that defendant's actions satisfy the Calder "effects" test. (Pl.'s Memorandum in Supp. or Pl.'s Response to Def.'s Motion to Dismiss for Lack of Personal Jurisdiction (Pl.'s Mem.), Ex. 2, p. 5; ECF # 6.) Defendant contends that she has not "done anything at all to avail herself of the privileges of conducting activities in Oregon." (Def.'s Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Def.'s Mem.) at 10, ECF # 3.)

### 1. Purposeful Availment

Plaintiff does not identify in his pleadings or affidavits any conduct by defendant that occurred in Oregon that is sufficient to support the availment concept. "Evidence of availment is

REPORT AND RECOMMENDATION - 5

typically action taking place in the forum that invokes the benefits and protections of laws in the forum." Id. at 1155. All of the actions of defendant that plaintiff has identified – two withdrawals from their joint checking account – occurred in Texas, not Oregon. However, while defendant may be technically correct in arguing that defendant has not "availed" herself to this forum in the sense of actions warranting the privilege of conducting activities in this forum, the question remains whether her actions rose to the level of purposeful direction by expressly aiming them at plaintiff.

**2. Purposeful Direction and Express Aiming**

The purposeful direction/express aiming prong of specific personal jurisdiction, as formulated in the Calder "effects" test, hinges on whether defendant's intentional actions caused a non-resident plaintiff harm in another forum. In this case, the clearest approach to determine if the pleadings sufficiently present a case for purposeful direction is to consider the original cause of action. Plaintiff's claim alleged financial elder abuse under ORS 124.100. (Compl. ¶ 1.) In Oregon, elder financial abuse is cognizable under the statute when a person wrongfully takes money from a vulnerable person[1] (ORS § 124.110(1)(a)), or when a person in possession or control of a vulnerable person's funds in bad faith fails to transfer or make available money that belongs to the vulnerable person (ORS § 124.110(1)(b)). See Hoffart v. Wiggins, 226 Or.App 545, 548-49 (2009) ("wrongful taking" is not an element of a cause of action under ORS § 124.110(1)(b)). The harm which the statute contemplates, therefore, can be either a wrongful taking or a bad faith withholding of a vulnerable person's funds.

---

[1] A vulnerable person is defined as, among other things, an elderly person. ORS § 124.100(1)(e). An elderly person means a person 65 years of age or older. ORS § 124.100(1)(a). As previously mentioned, plaintiff asserts that he is 78 years old. (Compl. ¶ 1.)

REPORT AND RECOMMENDATION - 6

Applying the harm contemplated by the statute to the <u>Calder</u> test, it appears that plaintiff has established a prima facie case for purposeful direction. Keeping in mind that uncontroverted factual allegations are assumed to be true, and that controverted facts are resolved in favor of plaintiff for the purposes of this motion, the pleadings and affidavits show that defendant may have transferred certain funds from the couple's joint bank account. (Compl. ¶¶ 8, 9; Pl.'s Mem., Ex. 2 p. 5.) Furthermore, defendant is alleged not to have responded to plaintiff's requests to return all of the funds to the joint account. (Compl. ¶¶ 10, 12.) Insofar as the <u>Calder</u> test requires an intentional action calculated to cause harm in a distant forum (defendant's alleged transfer of funds from the joint account), and harm occurs there (defendant withheld a portion of the funds contrary to plaintiff's requests, leaving him without access to the funds in Oregon), the allegations here weigh in favor of finding purposeful direction.

Further, based on plaintiff's affidavits, it appears that defendant's actions entailed "something more" than merely possible foreseeable effects, as is required by the Ninth Circuit. <u>See, e.g.</u>, <u>Pebble Beach</u>, 453 F.3d at 1157-58; <u>Bancroft & Masters</u>, 223 F.3d at 1088; <u>Metropolitan Life Ins. Co. v. Neaves</u>, 912 F.2d 1062, 1065-66 (9th Cir. 1990). Here, affidavits containing bank account records show plaintiff's Oregon address as the location of the joint account at issue. (Pl.'s Mem., Exs. 1 and 2.) Assuming without finding that the account is indeed located in Oregon, a nexus exists which connects defendant's alleged harmful activity both to plaintiff residing in Oregon, and to the forum itself via the Oregon bank account. Moreover, even assuming the account was located in Texas, the nature and quality of the harm contemplated by the financial elder abuse statute, in conjunction with the wrongful conduct alleged here, is sufficient to maintain the 'individualized targeting' component of the express

aiming prong. Under either scenario, defendant's alleged conduct specifically targeted a known individual who had a substantial, ongoing connection to this forum. See Fiore v. Walden, 657 F.3d 838, 849 (9th Cir. 2011). Therefore, for the narrow purpose of establishing purposeful direction per Calder, plaintiff has carried his burden.

### 3. Arising from or Resulting out of Defendant's Forum-Related Activities

Having established purposeful direction, the second requirement for specific jurisdiction is that the contacts which constitute express aiming must be the ones that give rise to the current lawsuit. Bancroft & Masters, 223 F.3d at 1087. The analysis employed by the Ninth Circuit to determine this factor is the ubiquitous "but for" inquiry. See, e.g., id.; Ziegler v. Indian River County, 64 F.3d 470, 474 (9th Cir. 1995) (citation omitted). In this case, there is little doubt that but for the transfers and withholding of funds as alleged, this action for financial elder abuse would not have arisen.

### 4. Reasonableness

For the final requirement, the burden shifts to defendant to present compelling reasons why jurisdiction does not comport with traditional notions of fair play and substantial justice; in other words, why it is unreasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985). Seven factors are considered in determining reasonableness:

1. The extent of the purposeful interjection into the forum state;
2. The burden on the defendant of defending in the forum;
3. The extent of conflict with the sovereignty of defendant's state;
4. The forum state's interest in adjudicating the dispute;
5. The most efficient judicial resolution of the controversy;
6. The importance of the forum to plaintiff's interest in convenient and effective relief;
7. The existence of an alternative forum.

See id. at 477; Decker Coal, 805 F.2d 834, 840 (9th Cir. 1986). None of the factors is dispositive

REPORT AND RECOMMENDATION - 8

in itself. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991) (citations omitted).

The analysis for purposeful interjection into the affairs of this forum is essentially the same as the purposeful direction analysis above. While defendant may not have numerous contacts with this forum, the alleged transfer and withholding of plaintiff's funds from the couple's joint bank account is sufficient interjection to establish personal jurisdiction. "[S]ome single or occasional acts . . . because of their nature and quality and the circumstances of their commission, may be deemed sufficient to render the corporation liable to suit." Int'l Shoe, 326 U.S. at 318. This factor weighs in favor of plaintiff.

While litigating this matter may be inconvenient for defendant, mere inconvenience is not going to carry the day in this analysis. "When minimum contacts have been established often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." Kotera v. Daioh Int'l U.S.A. Corp., 179 Or.App 253, 267 (2002) (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 114 (1987)). This factor weighs slightly in favor of defendant.

The Court does not foresee any sovereignty issues arising in this litigation from conflicts of law between the states. While defendant suggests that plaintiff's claims in this action could be made just as readily in Texas (Def.'s Mem. at 7), defendant does not direct the Court to any statutory provision in the Texas Penal Code that is analogous to ORS § 124.110, under which elder citizens are specifically protected from financial abuse. Furthermore, the Court is not completely assured that defendant's alleged transfer and withholding of funds will be adjudicated in the Texas divorce proceeding. This factor weighs in favor of plaintiff.

The State of Oregon's interest in adjudicating this matter is substantial. Oregon has

enacted a number of laws specifically tailored to safeguard vulnerable citizens, including elders over the age of 65, from both physical and financial abuse and exploitation. See ORS §§ 124.100-124.110. Furthermore, construing the affidavits presented by plaintiff in his favor, the joint bank account at issue here is, for the purpose of this motion, assumed to be located in Oregon. Finally, plaintiff's alleged health issues (Pl.'s Mem. at 6), uncontroverted by defendant, could present a serious impediment to plaintiff's ability to litigate further in Texas. This factor weighs strongly in favor of plaintiff.

Furthermore, the Court believes that the best possibility for efficient judicial resolution of this claim lies in adjudicating it in this forum. The alternative option suggested by defendant would have a Texas county court interpreting Oregon financial elder abuse statutes. Additionally, as already mentioned, the Court is unaware of any guarantee, statutory or otherwise, that plaintiff's interests in bringing this claim will be necessarily addressed in the parties' divorce proceeding or pursuant to Texas law. As the claims here arise under Oregon law, arguably concern an Oregon bank account, and are brought by an Oregon citizen, this forum is appropriate for the current action. These factors all favor plaintiff.

The Court finds, therefore, that exercising specific personal jurisdiction over defendant is reasonable, complies with Oregon law, and satisfies due process concerns of fair play and substantial justice.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the motion to dismiss for lack of personal jurisdiction by defendant (ECF # 3) be DENIED.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit*

REPORT AND RECOMMENDATION - 10

*Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due by August 20, 2012. If objections are filed, any response to the objections are due by September 6, 2012.*** See FED. R. CIV. P. 6, 72.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 2 day of August 2012.

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 11